# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

| | |
|---|---|
| In the matter of: ) | |
| ) | Chapter 13 Case |
| KENNETH LEE ALEXANDER ) | |
| ) | Number <u>05-43429</u> |
| *Debtor* ) | |
| ) | **FILED** |
| ) | at 9 O'clock & 28 min A.M. |
| ) | Date 6-28-06 |
| FREEDOM FUNDING AND ) | |
| LEASING, INC. ) | |
| ) | United States Bankruptcy Court |
| *Movant* ) | Savannah, Georgia |
| ) | |
| v. ) | |
| ) | |
| KENNETH LEE ALEXANDER ) | |
| ) | |
| *Respondent* ) | |

## MEMORANDUM AND ORDER
## ON MOTION FOR RELIEF FROM STAY

The Debtor's case was filed on December 23, 2005. On March 31, 2006, Freedom Funding and Leasing, Inc. ("Freedom") filed a Motion to Modify Automatic Stay and Motion for Abandonment of Property ("Motion"). *See* Dckt. No. 28 (March 31, 2006). This Court held a hearing to consider this matter on April 25, 2006. *See* Dckt. No. 40. After considering the evidence presented and applicable law, I make the following Findings of Fact and Conclusions of Law in conformance with Federal Rule of Bankruptcy Procedure 7052.

AO 72A
(Rev. 8/82)

## FINDINGS OF FACT

The Debtor signed a 17-month lease with Freedom on October 5, 2005, which would put its expiration date at March 5, 2006. The lease was for a 1990 Mack Truck. Freedom was listed on the Debtor's Schedule D as a Creditor Holding a Secured Claim. *See* Dckt. No. 1 (December 23, 2005). No entries are listed on the Debtor's Schedule G - Executory Contracts and Unexpired Leases.

A confirmation hearing was held on February 21, 2006. *See* Dckt. No. 23. According to the terms of the Debtor's Plan, Freedom is listed on subsection (e), which governs fully secured allowed claims and executory contracts. *See* Dckt. No. 9 (December 23, 2005). The Plan states that the creditor is Freedom Funding, the collateral is a 1990 Mack Truck, the estimated claim is $3,000.00, the interest rate is 9.0%, and the monthly payment is $205.00. The Plan was confirmed on February 21, 2006. *See* Dckt. No. 46 (February 21, 2006). The Debtor subsequently filed a Proof of Claim on behalf of Freedom in the amount of $5,306.10 and classified the claim as "unsecured nonpriority." *See* Dckt. No. 31 (April 4, 2006). The bar date for claims was set as April 24, 2006.

## ARGUMENTS

The Debtor contends that pursuant to 11 U.S.C. § 1327(a)[1] and Eleventh

---

[1] Hereinafter, all Section references are to Title 11 of the United States Code.

Circuit case law, Freedom is bound to the clear and unambiguous provisions of the Plan. Freedom had notice of and an opportunity to object to the treatment of its claim at the Debtor's confirmation hearing on February 21, 2006. Having missed that opportunity, the Debtor argues, Freedom has lost the ability to challenge the treatment of its claim under the principles of *res judicata.*

In the Motion, Freedom argues that because the lease with the Debtor expired on March 5, 2006, the 1990 Mack Truck was no longer property of the estate, and the stay should be lifted. Freedom claims that the Plan's terms cannot terminate Freedom's property rights in the Truck and convey those rights to the Debtor. Furthermore, Freedom argues that any ambiguities in the terms of the Plan should be interpreted against the Debtor. Because Freedom is listed under "Fully Secured Allowed Claims and Executory Contracts" as well as the Plan section dealing with adequate protection and lease payments, a more reasonable interpretation of the Plan would be to interpret it as preserving Freedom's interests in the Truck.

CONCLUSIONS OF LAW

Under Section 1327(a), the "provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a). A confirmed Chapter 13 plan represents a binding determination of the rights and liabilities of the parties discussed therein, is *res judicata*, and may not be subjected

to a collateral attack. 8 Collier on Bankruptcy, ¶ 1327.02[1] (Mathew Bender 15th ed. revised). This Court has previously held that the res judicata effect of Section 1327(a) prohibits those creditors who had proper notice and an opportunity to object to a debtor's Chapter 13 plan from raising objections to the plan that should have been raised and addressed at the confirmation hearing. *See* Green Tree Fin. Servicing Corp. v. Tanksley (In re Tanksley), 1995 WL 17005379 (Bankr. S.D. Ga. 1995).

The Debtor relies heavily on Universal American Mortgage Co. v. Bateman (In re Bateman), 331 F.3d 821 (11th Cir. 2003). In that case, a secured creditor filed a proof of claim to which the debtor did not object. The debtor's Chapter 13 plan, however, reduced the amount of the claim to be paid to the secured creditor. The Eleventh Circuit Court of Appeals concluded that because the debtor did not object to the secured creditor's claim pursuant to Rule 3007, she could not use her Chapter 13 plan as a constructive objection. As a result, the court allowed the secured creditor to recoup the balance of the arrearage of its claim.

The secured creditor also moved to dismiss the case due to the plan's failure to conform to Section 1325's required treatment of secured creditors. The court denied this motion. It stated that the secured creditor "had the opportunity to object to the Plan's treatment of its claim at the confirmation hearing or appeal the confirmed plan and, had it done so, the Plan could not have been properly confirmed over its objection." Id. at 833. "Because it did not vindicate its rights at the appropriate stages of the Chapter 13 process,

however, [the secured creditor] cannot now argue for a dismissal of the petition at its near conclusion without assuming some responsibility for letting the discrepancy go this far unchallenged." Id. The court concluded that the secured creditor could not collaterally attack the plan and was bound by its terms pursuant to Section 1327.

The Eleventh Circuit again addressed the principles of confirmation and *res judicata* in bankruptcy in the recent case of <u>Finova Capital Corp. v. Larson Pharmacy Inc. (In re Optical Technologies, Inc.)</u>, 425 F.3d 1294 (11th Cir. 2005). In that Chapter 11 case, the debtor had entered into leases with various lessees prior to its entry into bankruptcy. The terms of those leases were subsequently modified by the debtor's confirmed plan. The plan proposed to assume the leases, *including some that had expired prior to the debtor's entry into bankruptcy.* After determining that the lessees received proper notice for bankruptcy purposes, the court stated that except for the question of the voidability of the confirmation order, the lessees could not raise objections to the plan or confirmation order, "as these were deemed waived when they failed to object to confirmation." Id. at 1301. The court concluded that it was "of no moment that there was no longer a live lease at the time of confirmation that could have been modified. These terms are plain on their face, and any objection to them could have been raised by [the lessees] at the time of confirmation." Id. at 1304 (quotations omitted).

In the present case, Freedom does not dispute that it received adequate notice of the confirmation hearing on February 21, 2006. It had the opportunity to object to

the Plan and contest the treatment of its claim. Having elected not to appear and raise that objection, however, Freedom may not now assert any other interest or right than that provided for it by the Debtor's Plan, which valued Freedom's claim at $3,000.00 with monthly payments of $205.00 plus an interest rate of 9.0%. Furthermore, Freedom's claim is listed as a secured debt in the Debtor's schedules, and there is no language of accepting or rejecting a lease in the Chapter 13 Plan. This language leads this Court to reject Freedom's argument that the Plan's language is ambiguous or precluded it from receiving proper notice of the Debtor's proposed treatment of its claim.

A review of the Plan's terms would have put Freedom on notice that the Debtor intended to treat the lease as a secured claim and that the Plan would significantly affect its claim. In Optical Technologies, the Eleventh Circuit concluded that the lessees were bound to the terms of the debtor's confirmed plan, even if it meant that they would be bound to leases that had expired *prior* to the debtor's entry into bankruptcy. If the transaction between Freedom and the Debtor was a lease that was to expire sometime during the Debtor's bankruptcy case, then Freedom could have raised its objection to the confirmation of the Debtor's Plan at the February 21, 2006 hearing. *See* In re Frady, 141 B.R. 600, 602 (Bankr. W.D.N.C. 1991)(denying the confirmation of a Chapter 13 plan that improperly treated a true lease as a disguised sale). Freedom did not object, however, and is now bound by the terms of the confirmed Plan.

## **ORDER**

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that Freedom's Motion to Modify Automatic Stay and Motion for Abandonment of Property is DENIED.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This ___ day of June, 2006.